# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JOEL B. ATTIA, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 21-00274-JB-B |
| PROVIDENCE HOSPITAL, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Plaintiff Joel B. Attia, who is proceeding *pro se,* filed a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). Upon consideration, the Court granted Attia's motion to proceed without prepayment of fees. (Doc. 3 at 1). Having determined that Attia could proceed *in forma pauperis*, the Court conducted an initial screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017) (per curiam) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."), cert. denied, 138 S. Ct. 338 (2017). After screening Attia's complaint, the undersigned found it to be deficient in several respects and ordered Attia to file an amended complaint no later than July 9,

1

2021. (Doc. 3 at 2-15). The undersigned cautioned Attia that failure to timely comply with the Court's directives and correct the deficiencies in his complaint would subject this action to dismissal. (Id. at 9). Despite the Court's clear directives, Attia has not attempted to remedy the deficiencies in his complaint and, indeed, has filed nothing in response to the Court's order. Accordingly, the undersigned recommends that this action be **DISMISSED without prejudice** for failure to prosecute and obey the Court's order.

I. **BACKGROUND**

Attia filed a handwritten complaint using this Court's "Complaint for a Civil Case" form. (Doc. 1). In his complaint, Attia names the following Defendants: (1) "Providence Hospitial" [sic]; (2) "Mobile Gastroenologist" [sic]; (3) Alabama Intergrated Pain Managment" [sic]; (4) "U.S.A. Hospitial" [sic]; (5) "David Jackson"; (6) "Randy Neil"; (7) "Paul Re'ally"; and (8) "Jerry Minchew". (Id. at 2-3). Attia alleges the existence of federal question jurisdiction, based on the following: "8th Amendment, Terrorism, Lying to a Patient, HIPPA Rights Violations[,] Human Rights Violates, Hate Crimes (I'm Hebrew[)]." (Id. at 4). In the space on the complaint form requesting facts showing that the plaintiff is entitled to relief, Attia states the following: "Violation of Human Rights, 8th Amendment Terrorism, Withholding Information danger to health, Let health detereate [sic] by

2

Terrorism." (Id. at 5). Attia alleges that the amount in controversy in this case is "600 billion" and lists "Pain & Suffuring" [sic] as his only requested relief. (Id. at 5-6).

Upon screening Attia's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), the undersigned found the complaint to be severely deficient. (Doc. 3 at 6). The Court noted that Attia's complaint is essentially devoid of facts and instead tenders only legal conclusions and naked assertions, thus failing to provide adequate notice of his claims. (Id. at 6-7). The Court also noted that Attia's complaint violates Federal Rule of Civil Procedure 10(b) because Attia fails to place his multiple claims in separate counts and fails to make his allegations in numbered paragraphs. (Id. at 7). The Court also pointed out that Attia fails to specify which of the eight named Defendants are responsible for which acts or omissions, or which claims are brought against which Defendants. (Id.). The Court further explained that Attia's complaint fails to state any valid grounds for federal question jurisdiction given his existing allegations. (Id. at 7-14). Given the foregoing, the Court concluded that Attia's original complaint fails to state a claim upon which relief can be granted and fails to state a valid basis for federal court jurisdiction. (Id. at 14).

Thus, the Court directed Attia to file an amended complaint remedying the deficiencies specified in the Court's order no later than July 9, 2021. (Id.). Attia was specifically cautioned that

he should not assume that he would be granted further opportunities to amend his pleading, and that if he failed to timely comply with the Court's order by filing an amended complaint correcting the listed deficiencies in his initial complaint, this action would be subject to dismissal. (Id. at 15). The undersigned directed the Clerk of Court to send Attia a copy of this Court's Pro Se Litigant Guide and encouraged Attia to review the guide carefully so as to avoid the pleading deficiencies identified in his original complaint. (Id.).

As noted *supra*, Attia has failed to file an amended complaint (or anything else in response to the Court's order dated June 16, 2021) to date, despite being ordered to do so no later than July 9, 2021. Furthermore, the docket reflects that that the Court's order and the Pro Se Litigant Guide that were mailed to Attia on June 16, 2021, were not returned to the Court as undeliverable.

## II. DISCUSSION[1]

"Where a more carefully drafted complaint might state a claim,

---

[1] The Court notes that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

4

a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). After a court gives a plaintiff the opportunity to re-plead a deficient complaint and the plaintiff fails to comply with the court's order, dismissal is appropriate. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.") (quotation omitted); Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015) (concluding that "the district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits," in proper circumstances, "includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)"); see also Harris v. Chase Home Fin., 2010 U.S. Dist. LEXIS 155910, at *4, 2010 WL 11647078, at *2 (N.D. Ga. Nov. 18, 2010) (recommending dismissal of action because *pro se* plaintiffs failed to obey the court's order to file an amended complaint that complied with Federal Rules of Civil Procedure 8, 9, and 10), report and recommendation adopted, 2011 U.S. Dist. LEXIS 167697, 2011 WL

13318861 (N.D. Ga. Jan. 3, 2011); Green v. U.S. Dep't of Hous. and Urban Dev., 2011 U.S. Dist. LEXIS 2764, at *4-7, 2011 WL 98542, at *2-3 (S.D. Ala. Jan. 10, 2011) (dismissing *pro se* plaintiff's federal claims for his failure to respond to the court's order to amend his complaint to correct pleading deficiencies despite being warned that failure to timely comply would result in the dismissal of those claims).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6

correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

The undersigned recommends that the instant action be dismissed without prejudice based on Attia's failure to prosecute and to obey the Court's explicit order to file an amended complaint that sets forth a valid basis for federal jurisdiction and states a claim upon which relief can be granted. In the order dated June 16, 2021, the undersigned catalogued the original complaint's deficiencies and explained to Attia how he was to remedy those deficiencies in his amended complaint. (See Doc. 3). The Court warned Attia in the plainest terms that his failure to timely file a complying amended complaint would subject this action to dismissal. (Id. at 15). Yet, ignoring the Court's clear directives, Attia failed to file an amended complaint or, indeed, anything else in response to the Court's order. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) and this Court's inherent authority, as it appears that Attia has willfully disregarded this Court's directives and that no lesser sanction will suffice.

### III. **CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute and obey this Court's order.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **July, 2021.**

                                             **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**